IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE MINGO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPT. JAMES GRACE, et al. | : | NO.  06-5236 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                                                              June 27, 2007
United States Magistrate Judge

   Presently before the court is a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania.  For the reasons stated below, this court recommends that the petition be dismissed because it is barred by the one-year statute of limitations for the filing of a habeas corpus petition.

**I. BACKGROUND**

   On February 2, 1996, petitioner appeared before the Honorable Rayford A. Means in the Court of Common Pleas for Philadelphia County and pled guilty to robbery as a felony in the second degree.  (C.P. No. 9512-0358 1/1 Dec. Term 1995.)  Pursuant to a negotiated plea agreement, Judge Means sentenced petitioner to a term of imprisonment of three to twenty-three months followed by two years of probation.  The court also ordered petitioner to pay seventy dollars in restitution, plus court costs.  Commonwealth v. Mingo, No. 832 EDA 2004, slip op. at 1 (Pa. Super. Ct. May 11, 2005).  Petitioner was granted early parole on February 27, 1996.  The

Commonwealth's request for reconsideration of the sentence was denied. Petitioner did not appeal his conviction.

Petitioner was scheduled for a violation of probation hearing in this matter in 1999. He failed to appear and a bench warrant was issued. Petitioner was brought before the court on June 18, 2002. Petitioner had failed to pay the court ordered restitution. As of the date of the probation violation hearing, petitioner had been arrested several times and charges of aggravated assault, carjacking, burglary, and narcotics trafficking were pending. Id. at 2. The court found that petitioner violated the terms of his probation and re-sentenced petitioner to four to eight years incarceration. Id. Petitioner did not appeal. Id.[1]

On February 26, 2003, petitioner filed a pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. Counsel was appointed and filed an amended PCRA petition claiming ineffective assistance of counsel in failing to preserve a challenge to the discretionary aspects of petitioner's

---

[1] Throughout his petition and supporting documents, petitioner asserts that he was re-sentenced because he failed to pay restitution in the amount of seventy dollars. See, e.g., Pet.'s Mem. of Law Supp. Pet. at 8 ("On June 18, 2002, Petitioner was found in technical violation for nonpayment of $70 in restitution."). Petitioner contends that the trial court never told him the amount of restitution he was required to pay. Id. In a letter to petitioner dated August 14, 2002, an attorney from the Defender Association of Philadelphia explained to petitioner the reasons he was re-sentenced to four to eight years imprisonment:

> The Judge sentenced you in this fashion because you did not report to your probation officer as required. In fact "Wanted Cards" were issued for you. The judge also pointed out that no restitution had been paid in this matter and most importantly you incurred three new arrests while on Judge Means' probation.

Pet.'s Mem. of Law Supp. Pet. Ex (a). Petitioner does not deny that he was arrested three times while on probation. See Traverse at 2 ("Petitioner never and will never contest the fact that he had three new arrest [sic]" during his probation.).

sentence and seeking reinstatement of petitioner's direct appeal rights. Id. at 2. The PCRA court denied the petition. On May 11, 2005, the Superior Court of Pennsylvania affirmed the denial of the PCRA petition stating as follows:

> While the question presented by Mingo is worded vaguely, it is clear from the argument section of his brief that Mingo's argument is centered on his belief that trial counsel was ineffective for failing to file a post-sentence motion challenging the discretionary aspects of his sentence. It is undisputed that Mingo's trial counsel failed to file a post-sentence motion. However, in order to establish that trial counsel was ineffective due to this failure, Mingo must establish that he actually asked trial counsel to file the motion. . . . Here . . . the PCRA court found the petitioner's testimony implausible when contrasted with the testimony of his trial counsel.
>
> At the hearing, Mingo admitted that he never requested a direct appeal. However, Mingo testified that he had left a message on his trial counsel's answering machine requesting a motion for reconsideration. Trial counsel disputed this claim, and testified that Mingo did not request either an appeal or a reconsideration motion.
>
> This credibility determination is amply supported in the record. As aforesaid, Mingo's trial counsel testified that Mingo never asked him to file a motion for reconsideration or an appeal. Furthermore, trial counsel's testimony was corroborated by the notes he writes following sentencing in his cases. Trial counsel testified that, on June 19, 2002, the day following the violation of probation hearing, he prepared a memo to his file regarding the status of Mingo's case. This memo indicated that Mingo had not requested an appeal or post-sentence motion. Trial counsel also testified that he never received a message from Mingo, by any means, requesting further action on his case; trial counsel explained that he would have prepared a memo documenting any such communication. No such memo was in the file. Under these circumstances, we find the PCRA court's credibility determination to be supported by the record.

Commonwealth v. Mingo, No. 832 EDA 2004, slip op. at 3-5 (Pa. Super. Ct. May 11, 2005). The Pennsylvania Supreme Court denied petitioner's request for allowance of appeal on October 13, 2005.

Petitioner filed a second pro se PCRA petition on December 21, 2005. While the second PCRA petition was pending, petitioner filed the instant petition for a writ of habeas corpus on November 29, 2006.[2] On February 16, 2007, the PCRA court issued a notice stating its intention to dismiss the PCRA petition as untimely. Petitioner filed a response to the notice. On March 16, 2007, the PCRA court dismissed the petition as untimely.

Petitioner filed a Memorandum of Law in support of his habeas petition, as well as a Traverse. Petitioner raises claims challenging both his original conviction and guilty plea in 1996, and his re-sentencing at the violation of probation hearing on June 18, 2002. (Pet.'s Mem. of Law Supp. Pet. at 4-11.) The Commonwealth filed a response on May 2, 2007. The Commonwealth contends that the petition should be dismissed as untimely because it was not filed within the one-year statute of limitations as required by 28 U.S.C. § 2244.

## II.   DISCUSSION

Section 2244(d) of Title 28 of the United States Code, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), creates a one-year time limit for filing a habeas corpus petition and provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[2] Petitioner filed previous habeas petitions in this court. See Civil Action Nos. 05-5413, 06-2780.

      United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). See generally Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Lovasz v. Vaughn, 134 F.3d 146 (3d Cir. 1998).

  The one-year statute of limitations is tolled during the time petitioner had pending in state courts a properly filed PCRA petition. See 28 U.S.C. § 2244(d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted toward the one-year statute of limitations).

  The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). In Miller, the court stated the following:

> [E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Id. at 618-19 (interior quotations and citations omitted).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (citing Pace v. Diguglielmo, 544 U.S. 408, 418 (2005)).  See also McAleese v. Brennan, 483 F.3d 206, 219 (3d Cir. 2007) (same).  Courts in the Third Circuit addressing habeas petitions have concluded that equitable tolling may be found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  See also Johnson v. Hendricks, 314 F.3d 159, 162 (3d Cir. 2002) (reaffirming the principles of equitable tolling enunciated in Jones v. Morton), cert. denied, 538 U.S. 1022 (2003); Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.) (same), cert. denied, 539 U.S. 948 (2003).  The Third Circuit also has emphasized that equitable tolling should be applied sparingly.  See Lacava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005); Brinson v. Vaughn, 398 F.3d 225, 230-31 (3d Cir. 2005).

  As noted above, petitioner raises claims challenging both his original conviction and guilty plea in 1996, and his re-sentencing at the violation of probation hearing on June 18, 2002.  (Pet.'s Mem. of Law Supp. Pet. at 4-11.)  The court will calculate the AEDPA statute of limitations with respect to both petitioner's original conviction and his re-sentencing.

  **1.** **<u>Original Conviction</u>**

  Petitioner raises two claims challenging his original conviction and guilty plea in 1996.  Petitioner contends:  (1) that trial counsel was ineffective for failing to file a petition to

withdraw his guilty plea (Pet.'s Mem. of Law Supp. Pet. at 9); and (2) that trial counsel ineffectively advised petitioner regarding his maximum sentence thereby inducing him to accept the plea agreement, id. at 10.[3]  These claims relate to petitioner's original judgment of sentence which became final on March 3, 1996, thirty days after Judge Means sentenced petitioner on February 2, 1996.  See Pa. R. App. P. 903.

        The limitations provision of 28 U.S.C. § 2244(d) has been construed to give all prisoners a one-year grace period following its effective date of April 24, 1996, in which to initiate habeas actions when a conviction became final prior to the effective date.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  Since petitioner's conviction became final prior to the effective date of the AEDPA, petitioner had until April 23, 1997, to file a timely federal habeas petition.  Petitioner executed his petition for a writ of habeas corpus on November 21, 2006, and filed it in this court on November 29, 2006, more than nine years after the expiration of the limitations period.  The instant habeas petition should be dismissed as untimely unless the statute of limitations is subject to statutory or equitable tolling.

        As noted above, the one-year statute of limitations is tolled during the time petitioner had pending in state courts a properly filed PCRA petition.  Petitioner filed his first PCRA petition on February 26, 2003, almost six years after the AEDPA statute of limitations expired with respect to petitioner's original conviction.  Petitioner's PCRA petition does not toll

---

[3] Petitioner also contends that there was confusion as to whether he pled guilty to robbery in the first, second or third degree. (Pet.'s Mem. of Law Supp. Pet. at 5-6.) At one time, petitioner argued that he had pled guilty to robbery in the third degree, while an attorney from the Defender Association believed petitioner had pled guilty to robbery in the first degree. Id. However, it is abundantly clear that petitioner pled guilty to robbery in the second degree. See id. Ex. (c). See also id. at 7 (petitioner admits he pled guilty to "robbery of the second degree"); Petition at 9(a)(1) (same).

an already expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir. 2004) (petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, inter alia, "the limitations period had already run when it was filed").

Petitioner's second PCRA petition, filed on December 21, 2005, also was filed after the expiration of the AEDPA statute of limitations and, therefore, does not toll the statute of limitations. Additionally, on March 16, 2007, the PCRA court dismissed the second PCRA petition as untimely. Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir.) (same), cert. denied, 540 U.S. 921 (2003). The AEDPA statute of limitations with respect to petitioner's original sentence is not subject to statutory tolling.

Petitioner contends that the AEDPA statute of limitations should be equitably tolled because government officials interfered with the filing of his second PCRA petition in December 2005. (Pet.'s Mem. of Law Supp. Pet. at 2-3; Traverse at 4.) Petitioner urges that his second PCRA petition was filed timely. The state courts determined otherwise and that determination is binding on this court.[4] Petitioner has not established any of the narrow

---

[4] Petitioner repeatedly urges that his second PCRA petition filed in December 2005 was timely. On March 16, 2007, the PCRA court concluded that petitioner's second PCRA petition was untimely. Petitioner did not appeal this decision. Petitioner now contends that the PCRA court's conclusion that his second PCRA petition was untimely was incorrect. Case law is clear that, in a habeas matter, federal courts are not to determine the issue of whether state courts properly interpreted its own laws. See Lambert v. Frank, 2000 WL 1022977, at *2 (E.D. Pa. July 18, 2000) (citing v. McGuire, 502 U.S. 62, 67-68 (1991)). The court in Lambert

circumstances requiring that the statute of limitations be equitably tolled with respect to his original conviction. Petitioner has not alleged that the Commonwealth of Pennsylvania misled him regarding the required date to file his federal habeas corpus petition. Petitioner has not alleged nor proven that he has "in some extraordinary way" been prevented from asserting his rights. This also is not a case where petitioner timely asserted his rights in the wrong forum. Petitioner has not shown that he exercised reasonable diligence in pursuing his rights. Moreover, the grounds petitioner alleges in support of equitable tolling all occurred in December 2005, long after the statute of limitations expired. The statute of limitations with respect to petitioner's original conviction is not subject to equitable tolling.

### 2. Re-sentencing

The remainder of petitioner's claims challenge his re-sentencing after the probation violation hearing on June 18, 2002. Petitioner did not appeal the re-sentencing. The judgment with respect to the re-sentencing became final thirty days later on July 18, 2002. See Pa. R. App. P. 903. Petitioner had one year from July 18, 2002, until July 18, 2003, to file a timely habeas petition.

This statute of limitations, however, is subject to statutory tolling. On February 26, 2003, petitioner filed his first PCRA petition. The AEDPA statute of limitations stopped running on that date after 223 days had elapsed. The Supreme Court of Pennsylvania denied petitioner's request for allowance of appeal on October 13, 2005. The statute of limitations

---

concluded that the "Pennsylvania courts' determination that the [PCRA petition] was untimely is thus conclusive in this forum." Id. Hence, this court will not reconsider the state court's determination that petitioner's second PCRA petition was untimely. See also Carey v. Saffold, 536 U.S. 214, 226 (2002) (when state court determines that document is not properly filed, "that [is] the end of the matter").

resumed running on that date with 142 days remaining.  See Lawrence v. Florida, 127 S. Ct. 1079, 1083-84 (2007) (time during which state prisoner may file petition for writ of certiorari in United States Supreme Court from the denial of state post-conviction petition does not toll one-year statute of limitations).  The statute of limitations expired on March 4, 2006.  The instant petition filed on November 29, 2006 is eight months too late.[5]

With respect to equitable tolling, petitioner has not established any of the narrow circumstances requiring that the statute of limitations be equitably tolled with respect to his re-sentencing.  Petitioner has not alleged that the Commonwealth of Pennsylvania misled him regarding the required date to file his federal habeas corpus petition.  Petitioner has not alleged nor proven that he has "in some extraordinary way" been prevented from asserting his rights.  This is not a case where petitioner timely asserted his rights in the wrong forum.  Moreover, petitioner has not shown that he exercised reasonable diligence in pursuing his rights.

Petitioner contends that the AEDPA statute of limitations should be equitably tolled because government officials interfered with the filing of his second PCRA petition in December 2005.  (Pet.'s Mem. of Law Supp. Pet. at 2-3; Traverse at 4.)  Petitioner urges that his second PCRA petition filed in December 2005 was filed timely.  The PCRA court determined otherwise and that determination is binding upon this court.  See Lambert v. Frank, 2000 WL 1022977, at *2 (for the E.D. Pa. July 18, 2000).  Petitioner did not appeal the PCRA court's

---

[5] Petitioner's failure to comply with the statute of limitations is not excused by the prisoner "mailbox rule," which applies to all petitions filed by pro se inmates.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("pro se prisoner's habeas petition deemed filed at the moment he delivers it to prison officials for mailing to the district court").  Petitioner executed and dated his petition on November 2, 2006.  Using this date, the petition remains untimely by almost eight months.

conclusion. Petitioner's first PCRA petition was filed on February 26, 2003. The PCRA court denied the petition. The Superior Court of Pennsylvania affirmed the denial of this PCRA petition on May 11, 2005, and the Pennsylvania Supreme Court denied petitioner's request for review on October 13, 2005. The AEDPA statute of limitations resumed running on that date and petitioner had until March 4, 2006 to file a timely habeas petition. Petitioner offers no reason for failing to file a timely habeas petition within this time frame.

### 3.     Alternate Start Dates

Section 2244(d)(1) lists alternate start dates for the AEDPA one-year statute of limitations. In its analysis above, the court utilized Section 2244(d)(1)(A), i.e., "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," to calculate the date by which petitioner had to file a habeas petition for it to be timely. 28 U.S.C. § 2244(d)(1)(A). Petitioner invokes section 2244(d)(1)(B), and argues that due to "the interference by government officials in his attempts to exhausted [sic] all his claims presented in this writ of habeas corpus, this Court should consider this Petition." (Pet.'s Mem. of Law Supp. Pet. at 3.)

Petitioner fails to identify the "impediment to filing an application created by State action in violation of the Constitution or laws of the United States" that prevented petitioner from filing a timely habeas petition as required by Section 2244(d)(1)(B). 28 U.S.C. § 2244(d)(1)(B). Petitioner alleges that he mailed his second PCRA petition to the state court on December 20, 2005, but that the state court did not promptly docket his filing in the PCRA Unit until three days later, on December 23, 2005. (Pet.'s Mem. of Law Supp. Pet. at 2.) But see Resp. Ex. C (Petitioner's Motion for Post Conviction Collateral Relief stamped "Received" by

the Clerk of Quarter Sessions on December 21, 2005 and by the PCRA Unit on December 23, 2005). Petitioner further argues that the PCRA court's untimely docketing of his second PCRA petition impacted his ability to appeal his re-sentencing. Petitioner does not explain how any alleged late docketing of his second PCRA petition in the PCRA Unit impacted his ability to file a timely habeas petition. The alternate start date in Section 2244(d)(1)(B) does not apply to petitioner's case.

Petitioner also asserts that Section 2244(d)(1)(D) applies, again alleging that interference by governmental officials delayed the filing of petitioner's second PCRA petition in December 2005. (Pet.'s Mem. of Law Supp. Pet. at 1-3.) Petitioner identifies no "factual predicate of the claim or claims presented [that] could have been discovered through the exercise of due diligence," as required by Section 2244(d)(1)(D). 28 U.S.C. § 2244(d)(1)(D). Hence, petitioner has failed to show that this alternate start date should apply to his habeas petition.

None of the alternate start dates set forth in the statute apply and cannot be used to render petitioner's habeas petition timely. For all the above reasons, the court finds that the instant petition for a writ of habeas corpus should be dismissed as untimely.[6]

---

[6] Petitioner filed a Motion for Order Compelling Disclosure or Discovery (Doc. No. 15). Petitioner has failed to show "good cause" warranting discovery. 28 U.S.C. § 2254 Rule 6. This motion should be denied.

Accordingly, the court makes the following:

**R E C O M M E N D A T I O N**

AND NOW, this 27th day of June, 2007, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations, and that <u>no</u> certificate of appealability ("COA") be granted.[7]

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[7] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).